# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**BONIFACIA M. CARDENAS**                                      **PLAINTIFF**

v.                                **No. 4:17-CV-00004-JLH-BD**

**NANCY A. BERRYHILL, Acting Commissioner,**
**Social Security Administration**                              **DEFENDANT**

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. Any party may file written objections to all or part of this Recommendation. Objections must identify the factual or legal basis for the objection. To be considered, all objections must be received by the Clerk of Court within fourteen (14) days of this Recommendation. By not objecting, parties may waive the right to appeal questions of fact.

## BACKGROUND

Bonifacia Cardenas applied for social security disability benefits with an alleged onset date of June 20, 2009. (R. at 109). After a hearing, the administrative law judge (ALJ) denied Ms. Cardenas's application. (R. at 15–16). The case was remanded after judicial review. (R. at 468). In the interim, Ms. Cardenas filed a subsequent application on January 28, 2015, which was allowed at the initial level, limiting the remanded case to the period before January 28, 2015. (R. at 478). The ALJ denied Ms. Cardenas's applications for the period preceding the second application. (R. at 370–71). The ALJ's

decision became final on the sixty-first day following the decision per 20 C.F.R §§ 404.984(a), 416.1484(a). (R. at 352). Ms. Cardenas has requested judicial review.

I.   **The Commissioner's Decision**

The ALJ found that Ms. Cardenas had severe impairments, including: chronic low back pain, joint pain, hand pain, and adjustment disorder with mixed anxiety and depressed mood. (R. at 357). In assessing the severity of Ms. Cardenas's mental impairments and after determining they did not meet a listing, the ALJ found that Ms. Cardenas had mild limitations in activities of daily living and in concentration, persistence, and pace; and she had moderate limitations in the domain of social functioning. (R. at 357–58). The ALJ found that Ms. Cardenas had the residual functional capacity (RFC) to perform sedentary work, which requires the ability to lift/carry up to ten pounds occasionally; stand/walk for two hours in an eight-hour workday; sit for a total of six hours in an eight-hour workday; occasionally stoop, balance, bend, crouch, kneel, or crawl; frequently finger and handle bilaterally; and perform simple, routine, and repetitive tasks with supervision that is simple, direct, and concrete. (R. at 359).

This RFC precluded Ms. Cardenas's past relevant work. (R. at 369). The ALJ took testimony from a vocational expert (VE), who testified that a person with Ms. Cardenas's age, education, work experience, and RFC could perform jobs such as document preparer or call out operator. (R. 370). The ALJ held, therefore, that Ms. Cardenas was not disabled. (R. at 370).

## II.     Discussion

Ms. Cardenas argues that the ALJ's RFC is inconsistent with his finding that she had moderate limitations in social functioning. She also contends that the ALJ's determination is contrary to the opinion evidence; that the ALJ failed to consider listing 12.05C; that the ALJ failed to include borderline intellectual functioning in the RFC; that the ALJ failed to properly consider her inability to afford medical treatment and her medical improvement; and that the jobs identified by the VE were inconsistent with the RFC.

The task of the Court is to determine whether substantial evidence supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means, "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In performing this analysis, the Court looks both to evidence supporting the Commissioner's findings and also to evidence that detracts from the decision. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, solely because substantial evidence would have supported a contrary result.

The ALJ found that Ms. Cardenas had moderate limitations in social functioning while considering whether her impairments met a listing. (R. at 358). Ms. Cardenas argues that the RFC contains no limitations on social interactions to account for these limitations. The Commissioner responds that the step 3 determination applies only to the consideration of the listings and has no bearing on the limitations assessed in the RFC.

Indeed, the determinations made at step 3 are not an RFC assessment. The mental RFC assessment "requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments." *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims,* SSR 96-8P (S.S.A. July 2, 1996). The regulations note that the Commissioner will generally find an impairment to be non-severe if the degree of limitation is "none" or "mild" unless evidence shows a more than minimal limitation in the ability to do basic work activities. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1). The ALJ proceeds to an RFC assessment concerning impairments that are severe but do not meet a listing. 20 C.F.R. §§ 404.1520a(d)(3), 416.920a(d)(3). The RFC must account for all of a claimant's impairments. *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016).

Here, the ALJ clearly noted that Ms. Cardenas had limitations in that she isolated herself from others. In fact, the ALJ found that Ms. Cardenas had moderate limitations in social functioning. (R. at 358). The RFC includes no limitations related to social functioning, in spite of those findings. (R. at 359). The listings indicate that moderate limitations in an area indicate that a claimant's ability to operate in that domain is "fair," a greater limitation than the "slightly limited" ability indicated by mild limitations. 20 C.F.R. § Pt. 404, Subpt. P, App. 1. By definition, this indicates a "more than minimal" impact on the ability to do certain work activities. It is incongruous to find an impairment meets the criteria of severity in one portion of the decision but also to find that there is no impact to the claimant's RFC.

The Commissioner argues that the difference between a step 3 determination and an RFC assessment obviates inconsistency. The regulations and rulings, however, do not anticipate inconsistency; rather, they require more detail concerning the impairment in the RFC. SSR 96-8p. If the ALJ finds "moderate" limitations at step 3, the ALJ must spell out the specific limitations in the RFC that are consistent with those moderate limitations. Other courts have held similarly. See, *e.g.*, *Clevenger v. Colvin*, No. 15-CV-6087-SJ-DGK-SSA, 2016 WL 3911982, at *2 (W.D. Mo. July 15, 2016). This internal contradiction requires remand.

## III. Conclusion

The ALJ failed to include limitations in the RFC consistent with the finding of moderate limitations in the domain of social functioning. For this reason, the Court should REVERSE and REMAND the decision of the Commissioner with instructions to develop the record as necessary and to reevaluate the Plaintiff's impairments and RFC.

DATED this 19th day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE